**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FOSSIL GROUP, INC.,

              Plaintiff,

       v.

A PLUS WATCHES INC, d/b/a ROYAL TIME,
and JOEL SCHER, a/k/a JOEL BABAD,

              Defendants.

CASE NO.

## COMPLAINT

Plaintiff Fossil Group, Inc. ("Fossil"), through its attorneys, Gibney, Anthony & Flaherty, LLP, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## STATEMENT OF THE CASE

1.    This is an action for injunctive relief, statutory damages, treble damages and/or profits, compensatory damages, punitive damages, attorneys' fees and costs based upon claims for trademark counterfeiting, trademark infringement and unfair competition, all in violation of federal and state law.

2.    These claims are based upon the Defendants' sale of watches bearing counterfeits of Fossil's federally registered trademarks.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the federal trademark claims and state common law claims asserted in this action under 15 U.S.C. §1121, 28 U.S.C. §1331, 28 U.S.C. §1338(a) and (b), and 28 U.S.C. §1367.

4.    Defendants are subject to personal jurisdiction in this district because they are residents of the State of New York.

5.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because the Defendants reside in this district.

## THE PARTIES

6.     Fossil is a corporation duly organized and existing under the laws of the State of Delaware, with an office and a principal place of business located at 901 S. Central Expressway, Richardson, Texas, 75080.

7.     Upon information and belief, A Plus Watches Inc ("A Plus Watches") is a corporation duly organized and existing under the laws of the State of New York and is doing business as Royal Time, with an office and principal place of business located at 694 Myrtle Ave, Suite 430, Brooklyn, New York, 11205.

8.     Upon information and belief, Joel Scher, a/k/a Joel Babad ("Scher"), is an individual residing at 1963 51st Street, Brooklyn, NY, 11204, and is doing business as Royal Time and is the owner, manager, operator, principal and/or controlling force of A Plus Watches.

## FACTUAL ALLEGATIONS

### A.  Fossil's Products and Trademarks

9.     Fossil is a global design, marketing and distribution company specializing in consumer fashion accessories, which it offers under various owned and licensed trademarks.

10.     Fossil's offerings include an extensive line of fashion watches, jewelry, handbags, small leather goods and wearables.

11.     Since 1984, Fossil and its predecessors in interest have widely advertised, offered for sale, and sold watches and other products throughout the United States under various distinctive trademarks.  Fossil sells its watches under a diverse portfolio of globally recognized owned and licensed brand names.

12.     Fossil's watches, both Fossil owned brands and its licensed brands, are distributed

2

in the United States through various distribution channels, including wholesale to third-party retailers, and direct to consumers through its retail stores and websites and online marketplaces. This distribution network includes department stores, specialty retail locations, specialty watch and jewelry stores, Fossil-owned retail and outlet stores, mass market stores and Fossil's websites and third party websites. Fossil's wholesale customer base includes, among others, Amazon, Macy's, Neiman Marcus, Nordstrom, Saks Fifth Avenue, Target and Walmart.

13.     Since 2004, Fossil has owned the Michele brand of watches and has advertised, distributed, and sold Michele watches under various distinctive trademarks under its ownership, including MICHELE, MW, MW MICHELE, DECO and MW DECO.

14.     The Michele brand is particularly well known for its high-end, luxury fashion watches, many of which feature art deco styling and diamonds.  The suggested retail price point for Fossil's Michele brand watches ranges from $345 to $5,995.

15.     Even prior to Fossil's ownership of the Michele brand, it was popular with and well known to consumers in the United States where the MW MICHELE line of luxury watches was sold at high-end retailers such as Neiman Marcus, Saks Fifth Avenue, Bloomingdales, and Nordstrom.

16.     The Michele brand of watches is currently sold directly by Fossil on the Michele.com website, and also through high-end retailers such as Nordstrom, Neiman Marcus, Bloomingdales and Saks Fifth Avenue, and through specialty retailers and jewelry stores throughout the United States.

17.     Fossil spends extensive sums to advertise its brands to consumers.  Fossil's worldwide advertising costs for all its licensed and owned brands were approximately $207.1 million, $238.4 million and $241.3 million, $232.7 million, $205.6 million (totaling over

3

$1billion) for fiscal years 2017, 2016, 2015, 2014 and 2013, respectively.

18.     In 2018, the Michele brand was advertised and featured in online media, print, and social media posts, which resulted in nearly 377 million impressions.

19.     Fossil's overall net sales reflect the extensive exposure its products have in the minds of consumers.  In 2017, Fossil had net sales of over $1.3 billion for branded products, and over $1.3 billion in licensed products, with total net sales in fiscal years 2013 through 2016 exceeding $3 billion each year.

20.     Watches are one of Fossil's most important products and form one of the cores of Fossil's business.

21.     The net sales for watches sold under Fossil's owned and licensed brands was over $2.1 billion in 2017, over $2.3 billion in 2016, and over $2.4 billion in 2015, meaning the vast majority of Fossil's sales come from watch products.

22.     Moreover, the Americas, which includes the United States, has proven to be one of Fossil's most important markets for its products, generating close to 50% of its worldwide sales across all types and brands of goods in 2017, 2016 and 2015.

23.     The importance to Fossil of the watch market in the United States is evidenced by, among other things, the fact that in the 2017, 2016 and 2015 fiscal years, Fossil has sold over $1 billion of watches each year in the Americas.

24.     Fossil owns and exclusively controls the following federal trademark registrations issued by the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | First Use In Commerce Date | Goods |
|---|---|---|---|---|
| MICHELE | 2,129,528 | Jan. 13, 1998 | Feb. 12, 1997 | Watches |
| | 2,129,527 | Jan. 13, 1998 | Feb. 12, 1997 | Watches |
| DECO | 2,920,596 | Jan. 25, 2005 | Jul. 20, 2001 | Watches |
| MICHELE | 3,108,251 | Jun. 20, 2006 | May 1, 1985 | [ Jewelry made of precious metal or coated therewith, costume jewelry; ] watch [ fobs, ] bands, straps, *and* bracelets [ and chains ] |
| MICHELE | 3,237,434 | May 1, 2007 | May 1, 1985 | Watches |
| DECO | 3,585,501 | Mar. 10, 2009 | Jul. 20, 2001 | Watches |

True and accurate copies of Fossil's federal trademark registrations referenced above (collectively the "Michele Registered Trademarks") are attached as **Exhibit 1**.

25.     The Michele Registered Trademarks are valid, subsisting, in full force and effect and Fossil's exclusive right to use the marks is incontestable pursuant to 15 U.S.C. §1065.

26.     As a result of Fossil's prominent, exclusive and widespread use of the Michele Registered Trademarks on watches, those marks have acquired significant value and recognition in the United States among the consuming public.  The Michele Registered Trademarks are distinctive and are well known to watch purchasers, the trade and the consuming public generally as exclusively identifying Fossil and the Michele brand.

27.     Fossil subjects its authentic Michele watches to quality control review to ensure

that its watches meet Fossil's stringent manufacturing and quality standards.  Fossil only sells its watches bearing the Michele Registered Trademarks either directly to consumers or through authorized retailers to protect the quality of its products and its reputation.

28.     As a result, the purchasing public recognizes the Michele Registered Trademarks as connoting high quality watches with a distinctive look unique to the Michele brand. Therefore, the Michele Registered Trademarks are entitled to a broad scope of protection, and the Michele brand is a valuable brand for Fossil.

29.     Fossil has sold and advertised watches bearing the Michele Registered Trademarks in interstate commerce, including in the State of New York and in this district.

**B.  Defendants' Infringing Activities**

30.     Defendant A Plus Watches is a watch retailer that lists and sells its products through a number of online platforms, which has included Amazon.com and Walmart.com.

31.     Defendant A Plus Watches often listed its name as "Royal Time" on its online listings and storefronts and has otherwise done business under that name.

32.     Upon information and belief, Defendant Scher is the owner and controlling force behind all of Defendant A Plus Watches' business activities.

33.     Upon information and belief, long after Fossil's use and registration of the Michele Registered Trademarks on its products, Defendants began selling, offering for sale, distributing, promoting and advertising in interstate commerce, through the internet, watches bearing counterfeits and infringements of the Michele Registered Trademarks.

34.     On or about July 3, 2018, an investigator acting on Fossil's behalf purchased a Michele brand watch model no. MWW06V000002 from Defendants on Amazon.com under the seller name "Royal Time."   The return address on the packaging listed ROYAL TIME, 694

Myrtle Ave, Suite #430, Brooklyn, NY 11205.  Upon review of the MWW06V000002 sold by
Defendants, Fossil determined that the watch, which bore unauthorized replicas of the Michele
Registered Trademarks, was counterfeit.

35.     On or about August 31, 2018, an investigator acting on Fossil's behalf purchased
a Michele brand watch model no. MWW06P000016 from Defendants on Amazon.com under the
seller name "Royal Time."   The return address on the packaging listed ROYAL TIME, Suite
#430, 670 Myrtle Ave, Brooklyn, NY 11205.  Upon review of the MWW06P000016 sold by
Defendants, Fossil determined that the watch, which bore unauthorized replicas of the Michele
Registered Trademarks, was counterfeit.

36.     On or about September 7, 2018, an investigator operating on Fossil's behalf
purchased a Michele brand watch model no. MWW06V000002 from Defendants on
Walmart.com under the seller name "Royal Time."   The return address on the packaging listed
5014 16th Ave., 9292108341, Suite 511, Brooklyn, NY 11204.  The receipt included in the
packaging for this watch included the contact information of (929) 210-8341 and
apluswatchesus@gmail.com.  Upon review of the MWW06V000002 sold by Defendants, Fossil
determined that the watch, which bore unauthorized replicas of the Michele Registered
Trademarks, was counterfeit.

37.     Fossil determined that the three watches described in paragraphs 34 through 36
above were counterfeit based on a number of factors, including, among others, the fact that the
watches presented one or more of the following characteristics:  invalid serial numbers; missing
markings; components of the wrong size and composition; poor quality; and improper
construction.

38.     Upon Fossil submitting reports to Amazon regarding the above counterfeit

merchandise purchased on the Amazon platform, Amazon provided Fossil with the name and contact information for Defendants as the person and entity behind those listings.

39.     On or about October 8, 2018, Fossil received an email from a person identifying himself as "Joel," sent from the email address apluswatchesus@gmail.com, stating that he was the "account owner of Royal Time on Amazon."  The sender further stated that he had "received notice from Amazon" that Fossil had reported its sale of (1) a Michele watch with model no. MWW06V000002 and (2) a Diesel watch model no. DZ7313 as counterfeit.  The sender claimed the watches at issue were genuine and demanded that Fossil retract its reports, threatening litigation if Fossil failed to meet that demand.

40.     After counsel for Fossil responded to Joel's email requesting additional information regarding his identity and his claim that he was authorized to speak on behalf of Royal Time, the sender stated that his name was "Joel Babad," and that he was the "managing partner" of Royal Time.  A copy of the email chain described in this paragraph and in paragraph 39 above attached as **Exhibit 2** (with certain personal identifying information of Fossil's investigator and the email address of a Fossil employee redacted).

41.     On or about October 19, 2018, Fossil received a letter, dated October 15, 2018, from the Law Office of Kenneth Eade, stating that he represented "APlus Watches, doing business on Amazon as Royal Time."  In the letter, Defendants' attorney claimed that defendants "purchased all of [their] product from your authorized wholesale distributors; Bezali.com, Brooklyn, NY 11230, Tel. 866-961-3350 and Michael Kohrs [sic], Fossil Partners LP, PO Box 831870, Richardson, TX 75083-1870."  A copy of the letter from Defendants' attorney is attached as **Exhibit 3**.

42.     Bezali.com is not an authorized account of Fossil's watches, and Fossil has never

sold watches directly to Bezali.com.

43.     The Defendants are also not authorized accounts for Fossil's watches and Fossil has not sold watches wholesale directly to Defendants.

44.     Counsel for Defendants did not respond to Fossil's subsequent email communications or a demand letter.  A copy of the communications from Fossil's counsel to Defendants' counsel is attached as **Exhibit 4**.

45.     Defendants have willfully infringed upon the Michele Registered Trademarks and caused Fossil irreparable harm.

46.     Defendants intentionally, maliciously and willfully sold, offered for sale, distributed, promoted and advertised watches bearing counterfeits of one or more of the Michele Registered Trademarks, despite knowledge that such sales were illegal.

47.     Defendants' acts were and/or are calculated to confuse and to deceive the public and were and/or are performed with full knowledge of Fossil's rights.

48.     Defendants are not now, nor have they ever been, associated, affiliated, connected with, endorsed or sanctioned by Fossil.

49.     Fossil has never authorized or consented in any way to the use by Defendants of the Michele Registered Trademarks or marks confusingly similar thereto.

50.     Defendants' use of the Michele Registered Trademarks, or marks substantially indistinguishable and/or confusingly similar thereto, in connection with Defendants' products is likely to cause consumers, the public and the trade to erroneously believe that the products provided by Defendants emanate or originate from Fossil, and/or that said products are authorized, sponsored, or approved by Fossil, even though they are not.  This confusion causes irreparable harm to Fossil and weakens and dilutes the distinctive quality of the Michele

Registered Trademarks.

51.     By using counterfeits of the Michele Registered Trademarks on their goods, Defendants traded on the goodwill and reputation of Fossil and created the false impression that Defendants' goods are affiliated with Fossil.

52.     Defendants have been unjustly enriched by illegally using and misappropriating Fossil's intellectual property for their own financial gain.  Furthermore, Defendants have unfairly benefited and profited from Fossil's outstanding reputation for high quality products and its significant advertising and promotion of Fossil's watches and the Michele Registered Trademarks.

53.     Defendants have disparaged Fossil, the Michele Registered Trademarks and its products by creating a false association with Fossil, its genuine goods and the Michele Registered Trademarks.

54.     Fossil has no control over the nature and quality of the products sold by Defendants, which bear counterfeits and infringements of the Michele Registered Trademarks.

55.     Among other things, Defendants' promotion, advertisement and provision of their goods has and will reflect adversely on Fossil as the believed source of origin thereof; hamper continuing efforts by Fossil to protect its outstanding reputation for high quality, originality and distinctive goods; and tarnish the goodwill and demand for genuine Fossil watches and products.

56.     Upon information and belief, Defendants acted with reckless disregard for Fossil's rights and/or were willfully blind in connection with unlawful activities.  Upon information and belief, Defendants willfully and maliciously engaged in infringing activities. Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

57.     Fossil has suffered irreparable harm and damages as a result of Defendants'

conduct.  The injuries and damages sustained by Fossil has been directly and proximately caused by Defendants' wrongful advertisement, promotion, distribution, sale and offers of sale of their goods bearing counterfeits and/or infringements of the Michele Registered Trademarks.

58.    Fossil has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Trademark Counterfeiting (15 U.S.C. § 1114)

59.    Fossil hereby incorporates by reference all prior allegations as though fully set forth herein.

60.    The Michele Registered Trademarks are entitled to protection under federal law and common law.

61.    Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the Michele Registered Trademarks on goods covered by registrations for the Michele Registered Trademarks.

62.    Defendants have intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods.

63.    Defendants' use of the Michele Registered Trademarks to advertise, promote, offer for sale, distribute and sell watches bearing counterfeits was and/or is without the consent of Fossil.

64.    Defendants' unauthorized use of the Michele Registered Trademarks on and in connection with their advertisement, promotion, sale, offering for sale and distribution of watches through the internet constitutes Defendants' use of the Michele Registered Trademarks in commerce.

65.    Defendants' unauthorized use of the Michele Registered Trademarks as set forth

above is likely to:

(a)      cause confusion, mistake and deception;

(b)      cause the public to believe that their watches are the same as Fossil's watches and/or that they are authorized, sponsored or approved by Fossil or that they are affiliated, connected or associated with or in some way related to Fossil, when they are not; and

(c)      result in Defendants unfairly benefiting from Fossil's advertising and promotion and profiting from the reputation of Fossil and the Michele Registered Trademarks all to the substantial and irreparable injury of the public, Fossil and the Michele Registered Trademarks and the substantial goodwill represented thereby, for which there is no adequate remedy at law.

66.      Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

67.      By reason of the foregoing, Fossil is also entitled to injunctive relief  and Defendants are liable to Fossil for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Fossil's election, an amount representing three (3) times Fossil's damages and/or Defendants' illicit profits; and (b) reasonable attorneys' fees, costs and disbursements, including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement (15 U.S.C. §1114)**

68.      Fossil hereby incorporates by reference all prior allegations as though fully set forth herein.

69.      The Michele Registered Trademarks are entitled to protection under federal law and common law.

70.      Defendants' offer to sell, sale, distribution and advertisement of watches bearing

unauthorized reproductions of the Michele Registered Trademarks constitutes willful trademark infringement in violation of 15 U.S.C. §1114.

71.     Fossil owns several incontestable federal trademark registrations for the Michele trademarks as set forth above, which have been used for years. As such, purchasers, the public and trade immediately associate any product, service or advertisement under one or more of the Michele Registered Trademarks with Fossil.

72.     Defendants' use of the Michele Registered Trademarks on their sale of watches constitutes use in commerce.

73.     Defendants' activities create the false and misleading impression that Defendants are sanctioned, licensed or otherwise authorized by Fossil.

74.     Defendants have engaged in the aforementioned activities with the specific intent to confuse and deceive the public into believing that their watches are, in some way, sponsored, affiliated or associated with Fossil, when in fact they are not.

75.     Defendants' use of one or more of the Michele Registered Trademarks on their watches has been without Fossil's consent, is likely to cause confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the goods advertised, promoted, and sold by Defendants are warranted, authorized, sponsored or approved by Fossil.

76.     The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Fossil.

77.     Fossil has suffered and will continue to suffer irreparable injury due to the above-described activities if the Defendants are not enjoined, for which there is no adequate remedy at law.

78.     By reason of the foregoing, Fossil is also entitled to injunctive relief and to recover its damages, Defendants' profits, reasonable attorney's fees, costs and disbursements including investigator fees, and prejudgment interest.

### THIRD CLAIM FOR RELIEF
**False Designation of Origin and Unfair Competition (15 U.S.C. §1125(a))**

79.     Fossil hereby incorporates by reference all prior allegations as though fully set forth herein.

80.     Defendants' offer to sell, sale, distribution and advertisement of watches bearing unauthorized reproductions of the Michele Registered Trademarks constitutes unfair competition and false designation of origin in violation of 15 U.S.C. §1125(a).

81.     The Michele Registered Trademarks are entitled to protection under federal law and common law.

82.     Defendants have used the Michele Registered Trademarks in commerce by advertising, promoting, offering to sell and selling their counterfeit watches.

83.     Defendants' unauthorized use of one or more of the Michele Registered Trademarks in connection with their sale of watches constitutes unfair competition and false designation of origin and is likely to cause confusion and deceive consumers as to the authorization, sponsorship, affiliation or association with Fossil.

84.     Defendants have used the Michele Registered Trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations to Fossil's detriment.

85.     Defendants have used the Michele Registered Trademarks in connection with their goods with the express intent to cause confusion and mistake, deceive and mislead the public, trade upon Fossil's reputation and improperly appropriate, to themselves, Fossil's valuable trademark rights

86.     The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Fossil.

87.     Fossil has suffered and will continue to suffer irreparable injury due to the above-described activities if the Defendants are not enjoined, for which there is no adequate remedy at law.

88.     By reason of the foregoing, Fossil is also entitled to injunctive relief and to recover damages in an amount yet to be determined.

**FOURTH CLAIM FOR RELIEF**
**Trademark Infringement (New York Common Law)**

89.     Fossil hereby incorporates by reference all prior allegations as though fully set forth herein.

90.     Defendants' offer to sell, sale, distribution and advertisement of watches bearing unauthorized reproductions of the Michele Registered Trademarks constitutes common law trademark infringement in violation of New York law.

91.     The Michele Registered Trademarks are in use in New York and elsewhere and thus are entitled to protection under common law.

92.     Defendants' activities create the false and misleading impression that Defendants are sanctioned, licensed or otherwise authorized by Fossil.

93.     Defendants have engaged in the aforementioned activities with the specific intent to confuse and deceive the public into believing that their watches are, in some way, sponsored, affiliated or associated with Fossil.

94.     Defendants' use of one or more of the Michele Registered Trademarks on their watches has been without Fossil's consent, is likely to cause confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the goods

advertised, promoted, and sold by Defendants are warranted, authorized, sponsored or approved by Fossil.

95.     The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Fossil.

96.     Fossil has suffered and will continue to suffer irreparable injury due to the above-described activities if the Defendants are not enjoined, for which there is no adequate remedy at law.

97.     By reason of the foregoing, Fossil is also entitled to injunctive relief and to recover its costs, damages, reasonable attorney's fees, punitive damages, and Defendants' profits.

### FIFTH CLAIM FOR RELIEF
**Unfair Competition (New York Common Law)**

98.     Fossil hereby incorporates by reference all prior allegations as though fully set forth herein.

99.     Defendants' offer to sell, sale, distribution and advertisement of watches bearing unauthorized reproductions of the Michele Registered Trademarks constitutes unfair competition and false designation of origin in violation of New York common law.

100.    The Michele Registered Trademarks are in use in New York and elsewhere and thus are entitled to protection under common law.

101.    Defendants have used the Michele Registered Trademarks in commerce by advertising, promoting, offering to sell and selling their counterfeit watches.

102.    Defendants' unauthorized use of one or more of the Michele Registered Trademarks in connection with their sale of watches constitutes unfair competition and false designation of origin and is likely to cause confusion and deceive consumers as to the

16

authorization, sponsorship, affiliation or association with Fossil.

103.    Defendants have used the Michele Registered Trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations to Fossil's detriment.

104.    Defendants have used the Michele Registered Trademarks in connection with their goods with the express intent to cause confusion and mistake, deceive and mislead the public, trade upon Fossil's reputation and improperly appropriate, to themselves, Fossil's valuable trademark rights.

105.    The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Fossil.

106.    Fossil has suffered and will continue to suffer irreparable injury due to the above-described activities if the Defendants are not enjoined, for which there is no adequate remedy at law.

107.    By reason of the foregoing, Fossil is also entitled to injunctive relief, damages in an amount yet to be determined and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Fossil respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

I.    Preliminarily and permanently enjoining and restraining Defendants, their officers, agents, affiliates, related entities, servants, employees, attorneys and all other persons in privity or acting in concert with them from:

(a)    using any reproduction, copy, or colorable imitation of the Michele Registered Trademarks to identify any goods or the rendering of any services not authorized by Fossil;

(b)    engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Fossil's business reputation or weaken the

distinctive quality of the Michele Registered Trademarks, Fossil's name, reputation and goodwill;

(c)      using a false description or representation including words or other symbols tending to falsely describe or represent themselves or their unauthorized goods as Fossil's or sponsored by or associated with Fossil and from offering such goods in commerce;

(d)      further infringing or diluting the Michele Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Fossil bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Michele Registered Trademarks;

(e)      using any simulation, reproduction, copy or colorable imitation of the Michele Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Fossil, or to any goods sponsored or approved by, or connected with Fossil;

(f)      making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any goods provided, distributed, sold or offered for sale by Defendants are in any way associated or connected with Fossil, or are provided, sold, licensed, sponsored, approved or authorized by Fossil;

(g)      engaging in any conduct constituting an infringement of any of the Michele Registered Trademarks, of Fossil's rights in, or to use or to exploit, said trademarks, or constituting any weakening of Fossil's name, reputation and goodwill;

(h)      using or continuing to use one or more of the Michele Registered Trademarks in any variation thereof on the Internet (either on YouTube, in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Fossil;

(i)      hosting or acting as internet service provider for, or operating or engaging in the business of selling any website or other enterprise that offers for sale any products or services bearing the Michele Registered Trademarks;

(j)     acquiring, registering, maintaining or controlling any domain names that include any of the Michele Registered Trademarks or any marks confusingly similar thereto, activating any website under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than Fossil;

(k)     using any e-mail addresses to offer for sale any non-genuine products bearing counterfeits of the Michele Registered Trademarks;

(l)     having any connection whatsoever with any websites that offer for sale any merchandise bearing counterfeits of the Michele Registered Trademarks;

(m)     secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Michele Registered Trademarks;

(n)     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (m).

II.     Ordering that Defendants, within ten (10) days of judgment, take all steps necessary to remove from all websites owned, operated or controlled by the Defendants, all text or other media offering for sale any merchandise bearing the Michele Registered Trademarks, or marks substantially indistinguishable therefrom.

III.     Ordering that Defendants, within thirty (30) days of judgment, file and serve Fossil with a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a)

IV.     Ordering that Defendants be required to deliver up for destruction to Fossil all unauthorized materials bearing any of the Michele Registered Trademarks in association with

unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118.

V.      Ordering that Defendants be required to deliver up for destruction to Fossil any goods that were being advertised, promoted, or offered for sale as well as any and all catalogs, circulars and other printed materials in their possession or under their control displaying or promoting the infringing goods that were advertised, promoted or offered for sale.

VI.      Ordering that Defendants not operate nor use any websites that offer for sale and/or sell any merchandise or services bearing infringements of the Michele Registered Trademarks.

VII.      Ordering that  Defendants be required to pay to Fossil such damages Fossil has sustained as a consequence of their willful infringement of the Michele Registered Trademarks and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Michele Registered Trademarks, and that the award to Fossil be trebled as provided for under 15 U.S.C. § 1117; alternatively, at Fossil's election, that Fossil be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademark that Defendants have willfully counterfeited and infringed; and that Fossil be awarded actual and punitive damages as provided for under applicable federal law and state law.

VIII.      Ordering that Fossil recovers the costs and disbursements of this action, together with reasonable attorney's and investigator fees and pre-judgment interest all in accordance with applicable federal and state law.

IX.      Directing that this Court retain jurisdiction of this action for the purpose of enabling Fossil to apply to the Court at any time for such further orders and interpretation or

execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

X.       Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Fossil.

XI.      Awarding to Fossil such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Fossil has incurred in connection with this action.

                              **GIBNEY, ANTHONY & FLAHERTY LLP**


Dated: January 29, 2019                 By: /s/ Jeffrey E. Dupler
                                        Jeffrey E. Dupler
                                        Adam W. Sgro
                                        Gibney, Anthony & Flaherty, LLP
                                        665 Fifth Avenue
                                        New York, New York 10022
                                        Telephone: (212) 688-5151
                                        Facsimile: (212) 688-8315
                                        Email: jdupler@gibney.com
                                        Email: asgro@gibney.com
                                        Attorneys for Plaintiff